John McKirdy, Plff. in Err., v. Thomas Hare et al.

In an action on an acceptance of a draft against the acceptor, by a bona fide holder, it is no defense that a bank, a former owner of the draft, while its owner, had sufficient moneys of the drawer on deposit to his credit applicable to its payment to pay it, it not appearing to have been accepted for the accommodation of the drawer.

(Argued October 25, 1886.    Decided November 15, 1886.)

October Term, 1886, No. 21, W. D., before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.    Error to the Com-

mon Pleas No. 1 of Allegheny County to review a judgment for plaintiffs for want of a sufficient affidavit of defense in action in case. Affirmed.

The affidavit of claim filed and sworn to by Thomas Hare as agent for plaintiffs set forth that defendant was indebted to plaintiffs in the amount of $678.85 with interest from June 20, 1884, upon an acceptance of a draft drawn by James L. Styne upon defendant, by which defendant agreed to pay that amount to the order of Styne; that plaintiffs are bona fide holders for value of said draft before maturity; that the draft was duly presented when and where payable, and duly protested for non-payment and due notice thereof given to the indorsers and defendant, and that the same is now due and unpaid.

The affidavit of defense filed by defendant set forth the defense as follows:

"That the plaintiffs are not the bona fide holders and owners of the said draft for valuable consideration, in the due and regular course of business.

"That on or about the 23d day of May, A. D. 1884, the plaintiffs above named made certain accommodation notes to the order of the said Penn Bank.

"That as collateral security for the said obligations so undertaken, said plaintiffs obtained from said Penn Bank sundry notes and securities, held and owned by the said Penn Bank, of which the draft on which this suit is brought is one.

"That at that time, and for some time immediately prior thereto, said Penn Bank was hopelessly insolvent.

"That said plaintiffs at that time, and for some time immediately prior thereto, were directors of the said Penn Bank.

"Affiant is informed, believes, and expects to be able to prove upon the trial of the cause, that during a large portion of the time said plaintiffs were directors of said Penn Bank the business of said Penn Bank was conducted in a fraudulent manner and with gross negligence on the part of certain of its officers; that said plaintiffs, in their position as directors, did not exercise reasonable care and prudence; that the raising of funds by said accommodation notes was a desperate, unwarranted, and unlawful attempt to forestall the result of want of reasonable care and prudence on the part of the directors; and affiant is advised and believes, therefore, that the said plaintiffs have no

right to hold said draft, but that, on the contrary, the Penn Bank is the rightful owner of the same.

"And affiant further says that on or about the 28th day of May, A. D. 1884, said Penn Bank made a voluntary assignment for the benefit of creditors, to Henry Warner, Esq., and that said assignee, Henry Warner, has at No. 170, September term, 1884, filed a bill in equity, asserting that said plaintiffs have no right to hold said draft, and asking, *inter alia,* that they be directed to hand over and return the same to him as assignee aforesaid.

"And affiant further says that the draft here sued on was drawn by James L. Styne; that the Penn Bank discounted the said draft for said James L. Styne, and the proceeds of the same were credited to the account of the said James L. Styne in the said Penn Bank; that the said James L. Styne, maker of the said draft, has paid the said draft to the Penn Bank.

"That the plaintiffs to this suit have brought a suit upon the said draft against the said James L. Styne, at No. 188, December term, 1884, of this court; that the said James L. Styne has made defense to the suit so brought against him, alleging that he has paid the said draft, to the said Penn Bank in full.

"That the said Styne alleges in his affidavit of defense filed in said case, and affiant here also avers, that the said Penn Bank closed its doors for business by reason of its insolvency on the 26th May, 1884; that at the time of closing its doors, to wit, May 26, 1884, said Penn Bank had in its possession, on deposit and applicable to the payment of said draft, money of the said James L. Styne exceeding the amount of the draft, to wit, $692.76, from which sum of money the said James L. Styne claims to set off as much as is necessary to pay the said draft; and defendant says that the said draft is paid and fully discharged from the money of the said James L. Styne, maker of the said draft, in the possession of the said bank."

Plaintiffs entered a rule on defendant to show cause why judgment should not be entered for want of a sufficient affidavit of defense, assigning as reasons that the defendant has no right to contest the title of plaintiffs to the note and that the defendant's affidavit does not set forth a legal defense.

The rule was made absolute, and defendant took this writ, assigning as error the action of the court in making the rule absolute, and in holding the affidavit of defense insufficient.

*John A. Emery,* for plaintiff in error.—As directors of the Penn Bank plaintiffs were bound to know its financial condition; they were trustees for the stockholders and depositors, and were placed in their offices to guard the assets and interest of the bank; as directors they were expected to have actual and complete knowledge of all the affairs of the bank, and they are chargeable with all the consequences of actual and complete knowledge. The plaintiffs as individuals cannot recover on a title which accrued to them by reason of their *mala fides* as directors. Bank of Republic v. Gregg, 27 Pittsb. L. J. 26; Spering's Appeal, 71 Pa. 21, 10 Am. Rep. 684; United Society of Shakers v. Underwood, 9 Bush, 614, 15 Am. Rep. 731.

The plaintiffs below stand in no better condition than the Penn Bank. They could not recover if the bank could not, and it could not recover against Styne, for he has paid it. The bank could not recover against McKirdy, by reason of Styne's payment. Boggs v. Lancaster Bank, 7 Watts & S. 331.

The filing of a bill in equity is notice of *lis pendens* to everyone who is bound to take notice. Fessler's Appeal, 75 Pa. 483.

For the purposes of this case the allegations of defendant in his affidavit must be accepted as true. Ecoff v. Gillespie, Pittsb. L. J. Nov. 14, 1883, p. 127; Knerr v. Bradley, 105 Pa. 190; Pittsb. L. J. July 23, 1884, p. 495.

It is sufficient if the affidavit of defense sets forth facts showing a substantial prima facie defense, which can probably be established. McPherson v. Allegheny Nat. Bank, 96 Pa. 135.

The affidavit of defense is sufficient if it sets forth, in words or by necessary inference therefrom, the indispensable elements of a good defense. Selden v. Neemes, 43 Pa. 421.

*Knox & Reed,* for defendants in error.—The defense of payment is not stated with the particularity as to time, amount, and manner of payment required in McCracken v. First Reformed Presby. Congregation, 111 Pa. 106, 1 Cent. Rep. 854, 2 Atl. 94.

In a suit against the drawers of a negotiable note indorsed in blank, the defendants have no concern with the question of the actual ownership of the note, except where the defense turns upon points involving the personal conduct of the true owner or of those who preceded him. Brown v. Clark, 14 Pa. 469; Logan v. Cassell, 88 Pa. 288, 32 Am. Rep. 453.

There is nothing in plaintiffs' position as directors which, of

itself, affects their holding of this paper as against the plaintiff in error.   Warner's Appeal, 1 Sad. Rep. 310.

A director of a corporation is not prohibited from lending its money when needed for its benefit and the transaction is open; nor is his subsequent purchase of its property at a fair public sale, under a deed of trust executed to secure the payment of them, invalid.   Twin Lick Oil Co. v. Marbury, 91 U. S. 587, 23 L. ed. 328.

If directors have become sureties for a corporation, they may provide for their indemnity.   Ashhurst's Appeal, 60 Pa. 314.

These defendants in error are entitled to stand in the same position as purchasers for value before maturity.   Miller v. Pollock, 99 Pa. 202.

The indorsee of an overdue note, although he takes it subject to the equities arising out of the note itself, does not take subject to set-off.   Hughes v. Large, 2 Pa. St. 103; Clay v. Cottrell, 18 Pa. 408; Young v. Shriner, 80 Pa. 463.

The indorsee of a negotiable note, discounted by a bank, and by it transferred to assignees before maturity, for full value, has no right, when payment is demanded by the holders, to pay the note in depreciated paper of the bank after it has failed. Housum v. Rogers, 40 Pa. 190.

In pleading, *mala fides* must be shown, and an allegation that the party is not the bona fide holder is not sufficient.   1 Dan. Neg. Inst. § 770.

PER CURIAM:

The affidavit of the defendant was not sufficient to prevent judgment.   If all he has sworn to were proved on a trial in court, there would be nothing which ought to be submitted to a jury.   The acceptance was passed to the bank in regular course, and for a full consideration.   Styne might have paid it, by an application of what he had on deposit in the bank; but he did not do so, nor is any good reason apparent why he should have done so, for it is not alleged that the defendant accepted for his accommodation.   In the meantime this draft passed to the plaintiffs, whom this court has adjudged, as appears by the case to which the defendant refers in his affidavit [Warner's Appeal, 1 Sad. Rep. 310], to have been bona fide holders for a valuable consideration, of the collaterals received from the bank, of which the said draft was one.

Judgment affirmed.